## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **FAMILY DOLLAR STORES OF MISSOURI, LLC, a Virginia limited liability company** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 21-572** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TSAI'S INVESTMENT, INC, a Missouri Corporation** | ) ) | |
| **Serve: Sandy Tsai, 176 Cedar Bridge Court, St. Louis, MO 63141** | ) ) | |
| | ) | |
| **CITY OF UNIVERSITY CITY** | ) | |
| **Serve: Honorable Terry Crow at 6801 Delmar Boulevard, University City, MO 63130** | ) ) ) | |
| | ) | |
| **NOVUS MANAGEMENT CO.** | ) | |
| **Serve: Jonathan Browne, 20 Allen Ave, Suite 400, Webster Groves MO 63119** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Family Dollar Stores of Missouri, LLC ("Family Dollar"), for its Complaint against Defendants Tsai's Investment, Inc., City of University City, and Novus Management Co. (collectively referred to as "Defendants"), states as follows:

### Parties

1.      Plaintiff Family Dollar is a Virginia limited liability company. Its sole member is Family Dollar Stores, Inc., a Delaware corporation with its principal place of business in Virginia.

2.      Defendant Tsai's Investment, Inc. ("Landlord") is a Missouri corporation, with its principal place of business in Missouri and can be served with process by service on registered agent Sandy Tsai, including at 176 Cedar Bridge Court, St. Louis, MO 63141.

3.      Defendant City of University City, Missouri (the "Condemning Authority") is a municipal corporation organized and existing under the law of the State of Missouri and can be served with process by service on the Honorable Terry Crow at 6801 Delmar Boulevard, University City, MO 63130.

4.      Defendant Novus Management Co. is a Missouri corporation with its principal place of business in Missouri, doing business as "U City, LLC," ("Novus Management") and which may be served with process by service on its registered agent Jonathan Browne at 20 Allen Ave, Suite 400, Webster Groves, MO 63119.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy is greater than $75,000, exclusive of interest and costs.

6.      Venue is proper in this District because a substantial part of the events or omissions giving rise to Family Dollar's claims occurred in this District, and because the Premises at issue is situated in this District.

## Factual Allegations

7.      On September 30, 2019, Family Dollar and Landlord entered into that certain Lease Agreement (the "Lease") for the Lease of certain premises located at 8616 Olive Boulevard, University City, Missouri 63132 (the "Premises").

8.      Pursuant to the Lease, Family Dollar had control of the Premises for twenty years (an initial, 5-year term and three 5-year tenant options).

9.      After entry into the Lease, Family Dollar took possession of the Premises and commenced its improvements, alterations, fixturing, and inventorying of the Premises, to make it a Family Dollar retail location, open to the general public.

10.      Family Dollar spent in excess of $500,000 finishing, improving, and fixturing the Premises.

11.      The Premises opened for business on or about January 9, 2020.

12.      Despite opening in the midst of a global pandemic, this Family Dollar location has been successful, as its customers have valued and continue to value the products, prices, and services offered by Family Dollar at the Premises.

13.      On April 6, 2021 Family Dollar received the notice attached hereto as <u>Exhibit A</u> (the "Termination Notice"). According to the Termination Notice, Family Dollar was purportedly provided notice that the Premises were "assigned/transferred to the Condemning Authority . . . We have been instructed to provide you notice of the Condemning Authority's request that you deliver full possession of the Demised Premises on or before **June 28, 2021**. All remaining monthly rent payments are to be paid through the end of your occupancy in compliance with the terms of the Lease." (emphasis in original).

14.      As described more fully herein, the Premises and the Lease were assigned to Novus Management.

15.      Section 16 of the Lease addresses condemnation and provides as follows:

16.      16. <u>EMINENT DOMAIN</u>. If all or any part of the Demised Premises, or any part of the Shopping Center parking, service or access areas are taken by public authorities through the power of eminent domain, then Tenant will have the right to terminate this Lease. If this Lease is terminated, then any

unearned rent will be refunded to Tenant. If only a part of the Demised Premises or the parking, service or access areas are taken, and if Tenant elects not to terminate this Lease, then the rent will be reduced in the same proportion that the Demised Premises or parking, service or access areas are reduced. Landlord will restore the Demised Premises or parking, service or access areas, as applicable, to as close to their condition as existed prior to the taking as is feasible. Tenant shall be entitled to file a claim for relocation damages, and Landlord shall have exclusive rights to claim damages for taking of land and improvements owned by Landlord. Landlord represents to Tenant that local custom is for Landlord and Tenant to file separate eminent domain claims with the public authority, but to the extent a single award is made by the public authority with respect to Landlord's and Tenant's separate interests (described above), Landlord and Tenant will each be entitled to their separate claims based on their respective interests even if a single award for all damages is given by the public authority.

17.     Unbeknownst to Family Dollar, in May 2020, the Condemning Authority filed a Petition in Eminent Domain, against among other defendants, Landlord, which instituted Case No. 20SL-CC02566 (the "State Action") in St. Louis County (the "State Court").

18.     Neither the Condemning Authority nor Landlord ever added Family Dollar as a party to the State Action, nor did the Condemning Authority or Landlord notify Family Dollar such that it could participate in the State Action and pursue claims under the Lease and state law.

19.     Pursuant to the Lease, Family Dollar was "entitled to file a claim for relocation damages," but the Condemning Authority, and/or Landlord attempted to and did deprive Family Dollar of that opportunity.

20.     Pursuant to a notice sent to Family Dollar, dated April 1, 2021, from Novus Management, the Premises were purportedly sold to a "U City, LLC," and the Lease assigned, because Family Dollar was notified by the signatory – "Novus Management" – that it should remit lease payments to a "U City, LLC."

21.     However, there is no "U City, LLC," entity registered to do and conduct business in the state of Missouri. Accordingly, it appears that Novus Management Co. is improperly doing business as "U City, LLC."

22.     According to the docket and other filed pleadings in the State Action:

a.      On September 1, 2020, the State Court found that the Condemning Authority had the right to acquire fee simple ownership of three parcels, including the Premises.

b.      Apparently the parties to the State Action agreed to or were compelled to arbitrate claims related to the compensation to be granted and through that process, the compensation for Landlord's property was determined to be $6,368,700.00 (the "Award Funds").

c.      The Award Funds were paid into the registry of the State Court on March 29, 2021.

d.      On April 16, 2021, and without notifying Family Dollar of its motion, Landlord moved the State Court to release to it in full the Award Funds. According to Landlord's Motion, "all litigation and claims arising from the condemnation and purchase of Defendant's Property have been fully and completely resolved." Of course, that is not the case under the clear terms of Section 16 of the Lease, as nothing has been resolved with tenant Family Dollar.

23.     Despite numerous requests from Family Dollar for an explanation for why it was not named in and/or notified of the State Action until after the matter was otherwise fully adjudicated, the Landlord has provided absolutely no explanation and the Condemning Authority incorrectly claims that Family Dollar was entitled to no notice.

24.     Likewise, after learning of the State Action and the failure to be named or participate in the process, Family Dollar has repeatedly asked Landlord and the Condemning

Authority how its claims related to this condemnation should be resolved or adjudicated. Neither Defendant has any response.

25.     Rather, in response to Family Dollar's questions about how the condemnation could even be applicable to it, given that in a condemnation action only it has the right to terminate the Lease (pursuant to Section 16), rather than provide any authority or basis for such a position, the Condemning Authority filed a "Writ of Possession," with the State Court. Essentially, the Condemning Authority was and is taking the position that it could evict Family Dollar even though Family Dollar has never been made a party to the State Action.

26.     In response, on May 7, 2021, Family Dollar, by and through counsel, advised the Condemning Authority's counsel that in order to mitigate its damages, but without waiver of any claims, it would comply with the Termination Notice and vacate the Premises on or before June 28, 2021.

27.     As it had advised the Condemning Authority and Landlord, the process of locating a successor location for the Premises takes time and it cannot be accomplished on or before June 28, 2021. Accordingly, in addition to stripping Family Dollar of its rights under the Lease and Missouri law, the practical effect of failing to notify Family Dollar earlier that it must vacate the Premises is that it now has nowhere to go, and may have nowhere to go.

28.     In addition to pure losses associated with walking away from its significant tenant improvements and fixturing, Family Dollar is also damaged because of losses to its registers/point of sale equipment and other computer equipment, along with significant costs associated with opening the Premises (inventory, pre-opening and wind-down payroll, supplies, and grand opening costs). This is one facet of significant damages for Family Dollar.

29.     The other facet of Family Dollar's damages is for the compensable interest in the Premises because of the condemnation proceeding.

30.     This compensable interest for a tenant is the reasonable market value of the unexpired term of its lease, and is sometimes referred to as "bonus value."

31.     As indicated, Family Dollar had the right to control the Premises for twenty years and was only shortly into the term of its Lease.

32.     Family Dollar believes and asserts that its contract rent (under the Lease) was and is under market and therefore it is entitled to bonus damages, from the date of the condemnation, until the end of its 20-year term of the Lease.

33.     The Lease also contains an attorneys' fee provision (Section 33(e)), whereby, in the event of litigation between landlord and tenant, the prevailing party will be entitled to recover from the losing party reasonable attorneys' fees and reasonable out-of-pocket litigation expenses and court costs, as awarded by the court.

**Count I: Breach of Lease**
**(against Landlord and Novus Management)**

34.     Family Dollar incorporates by reference all prior allegations of this Complaint.

35.     The Lease is a valid contract supported by consideration.

36.     Family Dollar performed or substantially performed its obligations under the Lease.

37.     Landlord materially breached or defaulted under the Lease by excluding Family Dollar from the State Action and by moving the State Court for a release of the Award Funds, well in excess of $6 million, despite the fact that the Lease requires that any "single award [] made by the public authority" be split between landlord and tenant.

38.     Family Dollar, pursuant to the Lease, is entitled to recover its damages from Landlord, including but not limited to from the Award Funds.

39.     Landlord also materially breached or defaulted under the Lease by failing to add Family Dollar as a party to the State Action or take any action to notify Family Dollar of the action, so that it could make and prosecute its own claim, as required under the Lease, Section 16.

40.     Landlord's failure to notify Family Dollar of the State Action has led to its own separate damages, including that the Condemning Authority has taken the position that Family Dollar is entitled to no bonus value or any compensation at all from the Condemning Authority. Landlord's failure to properly notify Family Dollar led to this action and the necessity of naming the Condemning Authority and Novus Management in this action.

41.     Landlord also materially breached or defaulted under the Lease by participating in and/or organizing a structure whereby Family Dollar would be evicted from the Premises, despite the fact that the Lease does not permit the Lease to be terminated. In this regard, Landlord has breached the quiet enjoyment provision of the Lease and its obligations under Missouri law.

42.     In this regard, Family Dollar has been damaged by having its rights of possession stripped, years too early.

43.     As described herein, Family Dollar has incurred damages and is expected to incur more damages, in an amount in excess of $75,000, to be determined at trial.

44.     According to notifications provided by Novus Management, it is now the landlord under the Lease, indicating that it has assumed the obligations of Landlord under the Lease and is responsible for damages as addressed herein.

WHEREFORE, Family Dollar respectfully requests that the Court enter judgment in its favor and against Landlord and Novus Management for damages in an amount proven at trial, for its costs, expenses and attorneys' fees, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just, equitable and proper.

### Count II: Right to Compensation for Leasehold Interest
**(against Condemning Authority)**

45.     Family Dollar incorporates by reference all prior allegations of this Complaint.

46.     As indicated, under Missouri law, Family Dollar has a compensable interest in the Premises.

47.     Although it was entitled and required to have been a party to the State Court action, it was not provided with the appropriate due process.

48.     Nevertheless, it is entitled to a determination of its compensable interest, and a recovery for the same, from the Condemning Authority, as provided herein.

WHEREFORE, Family Dollar respectfully requests that the Court enter judgment in its favor and against the Condemning Authority for damages in an amount proven at trial, for its costs, expenses and attorneys' fees, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just, equitable and proper.

### Count III: Inverse Condemnation
**(against Condemning Authority)**

49.     Family Dollar incorporates by reference all prior allegations of this Complaint.

50.     Article I, § 26 of the Missouri Constitution provides "[t]hat private property shall not be taken or damaged for public use without just compensation" (the "Takings Clause of the Missouri Constitution").

51.     Condemning Authority has boldly claimed that Family Dollar was entitled to no notice and it provided no notice to Family Dollar of its actions described herein to condemn the Premises and other nearby property.

52.     The Condemning Authority claims for various reasons that it has no responsibility for, nor is it required to pay to Family Dollar any compensation for the condemnation of the Premises (and therefore, Family Dollar's leasehold interest).

53.     At a minimum, this is an invasion or appropriation of a valuable property right, which has caused and will continue to cause harm to Family Dollar.

54.     Pursuant to the Takings Clause of the Missouri Constitution, Family Dollar is entitled to just compensation as there has clearly been an invasion or appropriation of its property rights.

WHEREFORE, Family Dollar respectfully requests that the Court enter judgment in its favor and against the Condemning Authority for damages in an amount proven at trial, for its costs, expenses and attorneys' fees, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just, equitable and proper.

### Count IV: Declaratory Judgment
**(against all Parties)**

55.     Family Dollar incorporates by reference all prior allegations of this Complaint.

56.     All Defendants took part in a secret process by which they adjudicated their own interests without notifying or including Family Dollar (despite its operational business, leasehold interests, and requirements in the Lease).

57.     Now, none of these Defendants take or claim any responsibility, nor have they offered any compensation to Family Dollar, for its damages and losses. Rather, each points the

finger at each other, and in the case of the Condemning Authority, claims that it should look solely to the Award Funds for its compensation.

58.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, Family Dollar asserts that there exists an actual, justiciable controversy between the Defendants and Family Dollar and it seeks a declaration of the parties' rights and obligations under the Lease and/or Missouri law.

59.     Family Dollar seeks that the Court order and decree the following:

a.     Family Dollar's entitlement to a portion of the Award Funds;

b.     Family Dollar's entitlement to damages from and against the Landlord and Novus Management.

c.     Family Dollar's entitlement to damages, and/or just compensation from the Condemning Authority.

d.     That costs and attorneys' fees be awarded in favor of Family Dollar and against Defendants; and

e.     For such other and further relief as the Court deems just, equitable, and proper.

### Count V: Temporary and Permanent Injunctive Relief
### (against Landlord)

60.     Family Dollar incorporates by reference all prior allegations of this Complaint.

61.     The Award Funds are with the State Court's registry.

62.     The Lease indicates (Section 35) that with regard to claims against Landlord, Tenant should "look solely to (i) its right to offset against rent and other sums due Landlord and (ii) Landlord's interest in the Shopping Center or any portion thereof and the rents and income therefrom (and any insurance proceeds or eminent domain awards) . . ."

63.     Because tenant Family Dollar is being forced to vacate the Premises, it cannot meaningfully offset against rent.

64.     Pending before the State Court is Landlord's Motion to release **all** of the Award Funds.

65.     Although Family Dollar has offered to stipulate to Landlord's release of a portion of the Award Funds and to escrow the remaining, pending the outcome of this proceeding, Landlord has not responded.

66.     Family Dollar requests that this Court enjoin the release of the Award Funds, prior to the resolution of this proceeding, including Family Dollar's entitlement to the Award Funds.

67.     Family Dollar has no adequate remedy at law, because:

a.     The Lease specifically prohibits its avenues of recovery, including from eminent domain proceeds (yet Landlord attempted to and continues to attempt to take those funds prior to an adjudication of Family Dollar's claims).

b.     Family Dollar's damages are difficult to measure.

c.     The balance of the harms favors entry of an injunction as greater harm will occur to Family Dollar if an injunction is not issued than if Landlord is enjoined, and the funds remain as they are, in a safe, interest-bearing account. At most, Landlord will suffer inconvenience.

d.     The public interest will be harmed if Landlord is permitted to receive a disbursement of all of the Award Funds, as such an action, without an adjudication of Family Dollar's claims encourages breaches of contracts and violations of due process rights (as has occurred here).

e.      Family Dollar is substantially likely to prevail on the merits of the claims asserted herein.

WHEREFORE, Family Dollar respectfully requests that the Court enter a judgment enjoining any release to Landlord of the Award Funds during the pendency of this action, and for such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Matthew Layfield*_____
      MATTHEW LAYFIELD (#57540)
      100 S. Fourth Street, Suite 1000
      St. Louis, MO 63102
      Phone: (314) 889-8000
      mlayfield@polsinelli.com

      BRENDAN L. McPHERSON  (#60428)
      NICOLETTE R. ARMSTRONG (#72684)
      900 West 48th Place, Suite 900
      Kansas City, MO 64112-1895
      Phone:  (816) 753-1000
      Fax:  (816) 753-1536
      bmcpherson@polsinelli.com
      nrarmstrong@polsinelli.com

      ***ATTORNEYS FOR PLAINTIFFS***