**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FAMILY DOLLAR STORES OF )
MISSOURI, LLC, )
)
    Plaintiff, )
)
    v. )      No. 4:21-CV-572-SRW
)
TSAI'S INVESTMENT, INC., et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants City of University City and Novus Management, Co.'s Motion to Dismiss Plaintiff's First Amended Complaint or, in the alternative, to Stay this Action, ECF No. 23, and Defendant Tsai's Investment, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 25. Plaintiff filed Responses, ECF Nos. 29, 30, and Defendants filed Replies and a Supplemental Memorandum in Support. ECF Nos. 40, 41, 44. Upon Plaintiff's request, the Court held oral arguments on both motions on January 13, 2022. For the following reasons, the Court will grant the Motion to Dismiss filed by Defendants City of University City and Novus Management, Co., and grant in part and deny in part, the Motion to Dismiss filed by Tsai's Investment, Inc.

## I.    Background[1]

Plaintiff Family Dollar Stores of Missouri, LLC ("Family Dollar") filed this action on May 17, 2021, against Defendants Tsai's Investment, Inc. ("Tsai" or "Landlord"), City of University City ("City" or "Condemning Authority"), and Novus Management Co. ("Novus").

---

[1] This recitation of facts is taken from Family Dollar's Amended Complaint, ECF No. 16, and is for the purposes of the motion to dismiss. It in no way relieves the parties of any necessary proof in later proceedings.

ECF No. 1. After seeking leave from the Court, Plaintiff was permitted to submit an Amended

Complaint, which was filed on July 14, 2021. ECF No. 16.

On September 30, 2019, Family Dollar entered into a Lease Agreement (the "Lease")

with Tsai for a commercial premises located at 8618 Olive Boulevard, University City, Missouri

(the "Premises"). The Lease term was until September 30, 2023, with three extensions of five

years each. Within the Amended Complaint, Family Dollar cites to the Lease's Eminent Domain

provision:

> 16. <u>EMINENT DOMAIN</u>. If all or any part of the Demised Premises, or any part
> of the Shopping Center parking, service or access areas are taken by public
> authorities through the power of eminent domain, then Tenant will have the right
> to terminate the Lease. If this Lease is terminated, then any unearned rent will be
> refunded to Tenant. If only a part of the Demised Premises or the parking, service
> or access areas are taken, and if Tenant elects not to terminate this Lease, then the
> rent will be reduced in the same proportion that the Demised Premises or parking,
> service or access areas are reduced. Landlord will restore the Demised Premises
> or parking, service or access areas, as applicable, to as close to their condition as
> existed prior to the taking as feasible. Tenant shall be entitled to file a claim for
> relocation damages, and Landlord shall have exclusive rights to claim damages
> for taking of land and improvements owned by Landlord. Landlord represents to
> Tenant that local custom is for Landlord and Tenant to file separate eminent
> domain claims with the public authority, but to the extent a single award is made
> by the public authority with respect to the Landlord's and Tenant's separate
> interests (described above), Landlord and Tenant will each be entitled to their
> separate claims based on their respective interests even if a single award for all
> damages is given by the public authority.

ECF No. 16 at 3-4. On January 9, 2020, Family Dollar opened its business at the Premises after

completing approximately $500,000 in renovations.

In May of 2020, the City filed a Petition in Eminent Domain (the "State Action"). *See*

*City of University City, Mo. v. SSC Acquisitions, Inc., et al.*, Case No. 20SL-CC02566 (Cir. Ct.

of St. Louis Cty.). On September 1, 2020, the State Court determined the City had the right to

acquire fee simple ownership of the Premises which Family Dollar leased. On March 29, 2021,

the City paid $6,368,700.00 (the "Award Funds") into the registry of the State Court.

Family Dollar asserts it was unaware of the State Action until it received the following letter from Tsai, dated March 31, 2021, which is attached as an exhibit to the Amended Complaint:

> Re: 8616 Olive Blvd. Olive Blvd. University City, MO 63132 ("Demised Premises")
>
> Dear Sir/Madam:
>
> Please be advised the Demised Premises within RPA-1, as defined in the Redevelopment Agreement by and among the City of University City, Missouri and others has been assigned/transferred to the Condemning Authority described therein. We have been instructed to provide you notice of the Condemning Authority's request that you deliver full possession of the Demised Premises on or before June 28, 2021. All remaining monthly rent payments are to be paid through the end of your occupancy in compliance with the terms of the Lease.

ECF No. 16-1.[2] Family Dollar states it was sent a second letter, dated April 1, 2021, from Defendant Novus, directing that it must remit all remaining lease payments to "U City, LLC." *Id.* at 4. Family Dollar understood this letter to mean that the Lease was assigned to Novus because, upon its independent investigation, "U City, LLC" was not an entity registered to do business in the State of Missouri.

Plaintiff complains it was not added as a party to the State Action, "nor did the Condemning Authority or Landlord notify Family Dollar such that it could participate in the State Action and pursue claims under the Lease and state law." ECF No. 16 at 4. Plaintiff alleges the Lease entitled it to file a claim for relocation damages, as per the Eminent Domain provision, but the City and Tsai deprived Family Dollar of that opportunity by not adding it as a party to the State Action or notifying it of the State Action prior to the March 31, 2021 letter.

---

[2] The Court will consider this letter, attached as "Exhibit A" to the Amended Complaint as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

On May 7, 2021, Family Dollar notified the City in writing "that in order to mitigate its damages, but without waiver of any claims, it would comply with the Termination Notice and vacate the Premises on or before June 28, 2021." *Id.* at 6. On May 27, 2021, the State Court entered an Order directing that Tsai be paid the entirety of the Award Funds.

Family Dollar's Amended Complaint seeks the "pure losses associated with walking away from its significant tenant improvements and fixturing," Family Dollar's "losses to its registers/point of sale equipment and other computer equipment, along with significant costs associated with opening the Premises (inventory, pre-opening and wind-down payroll, supplies, and grand opening costs)," "bonus damages, from the date of the condemnation, until the end of its 20-year term of Lease," and attorneys' fees. *Id.* at 6-7.

The Amended Complaint asserts six counts. In Count I, Family Dollar alleges a breach of lease claim against Tsai and Novus for "excluding Family Dollar from the State Action and by moving the State Court for a release of the Award Funds . . . despite the fact that the Lease requires that any 'single award [] made by the public authority' be split between Landlord and Tenant," "by failing to add Family Dollar as a party to the State Action or take any action to notify Family Dollar of the action, so that it could make and prosecute its own claim, as required under the Lease," and "by participating in and/or organizing a structure whereby Family Dollar would be evicted from the Premises, despite the fact that the Lease does not permit the Lease to be terminated." *Id.* at 7-8. Count I seeks damages, costs, expenses and attorneys' fees. *Id.* at 8-9.

In Counts II and III, Family Dollar alleges a right to compensation for its leasehold interest in the Premises and inverse condemnation, respectively, against the City. In Count IV, Family Dollar requests a declaratory judgment against all Defendants as to its entitlement to a portion of the Award Funds and damages, including costs and attorneys' fees. In Count V, Family Dollar

requests temporary and permanent injunctive relief against Tsai to prevent it from spending the Award Funds during the pendency of this action. Lastly, in Count VI, Family Dollar requests the Court to impose a constructive trust on the Award Funds.

## II.    Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

III.    **Discussion**

**A. Motion to Dismiss or Stay this Action filed by the City and Novus**

Defendants City and Novus argue this Court should abstain from exercising jurisdiction over the entirety of this action or, in the alternative, dismiss the claims against them for failure to state a claim upon which relief may be granted. For the following reasons, the Court declines to abstain, but will dismiss this action against the City and Novus.

*1. Abstention*

Defendants City and Novus argue this Court should abstain from exercising jurisdiction over this action because parallel state court litigation is pending. Defendants raise the claim of abstention under the doctrine established by the Supreme Court's decision in *Colorado Water Conservation Dist. v. United States* allowing abstention in cases where a "parallel" state court proceeding is pending. 424 U.S. 800 (1976).

Litigation is "parallel" where there is a substantial likelihood that the state proceeding will "fully dispose of the claims presented in the federal court." *Spectra Commc'ns Grp., LLC v. City of Cameron,* 806 F.3d 1113, 1121 (8th Cir. 2015). In addition, there must be "a substantial similarity" between the state and federal proceedings. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). Factors to be considered include the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. *Colorado River*, 424 U.S. at 818. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Id.* at 818-819. Risk of piecemeal litigation is considered the "predominant factor." *Spectra Commc'ns Grp.*, 806 F.3d at 1121.

6

Abstention under this doctrine is justified in "exceptional circumstances." *Colorado River*, 424 U.S. at 813. Regardless of the ability of federal courts to abstain where justified, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and "[o]nly the clearest of justifications will warrant dismissal." *Id.* at 817-818. Thus, in examining the various factors, "the balance is heavily weighted in favor of the exercise of jurisdiction." *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Here, the Court finds abstention would not be appropriate because there is no "parallel" state proceeding. On May 3, 2021, after the State Court entered an Order of Condemnation and granted the Award Funds to Tsai, Family Dollar filed an Application for Leave to Intervene as an additional party in the condemnation proceedings.[3] *See* ECF No. 30-2; *City of University City v. SSC Acquisitions, Inc.*, Case No. 20SL-CC02566. On May 26, 2021, the State Court denied Family Dollar's request to intervene, holding in pertinent part:

> The court notes that Family Dollar is pursuing claims relating to breach of lease and other damages under the terms of this lease in a Federal Court petition they filed on May 17, 2021. *The court finds that other than the distribution of the funds and the writs of possession for the properties there are no substance* [sic] *legal controversies remaining in this case.* To allow intervention into the suit at this time only for the purpose [] of allowing Family Dollar to argue the funds should not be distributed is inconsistent with Section 523.053 RSMO in that the Family Dollar is not a defendant and their status as a potential intervenor would not make them a defendant in this cause. Further the court finds that Family Dollar's Application for Leave to Intervene does not meet the requirements under Rule 52.12(c) in that the court finds their Opposition to the Distribution of funds is not a pleading as required under the Rules.

ECF No. 24-2 at 2 (emphasis added).

---

[3] *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). In Missouri, as in other states, court records are generally public records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978); *Pulitzer Publ'g Co. v. Transit Cas. Co.*, 43 S.W.3d 293, 300-01 (Mo. Banc 2001).

The Eighth Circuit has held that in order for a proceeding to be parallel, "a substantial similarity must exist between the state and federal proceedings, which occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Constr. Corp*, 574 F.3d at 535. To determine whether parallel proceedings exist, the Court must compare the "sources of law, required evidentiary showings, measures of damages, and treatment on appeal" for each claim. *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). Where there is "any doubt" as to whether state and federal proceedings are parallel, a district court may not abstain. *Id.*

Family Dollar was not a party to the state condemnation proceedings, and the State Court denied its request to intervene. The instant action filed in this Court centers around Defendants' obligations pursuant to the written Lease, which the State Court explicitly refused to address as it stated, "The court believes with the pending Federal litigation it would be improper for this court to determine what if any legal rights the parties have under the terms of the lease." ECF No. 24-2. Further, the State Court declined to "retain the funds or a portion of the funds so [Family Dollar] could potentially collect on a damage award in said Federal litigation." ECF No. 24-2. Consequently, this Court finds there cannot be "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court" as the State Court has declined to address the issues raised in the instant federal action. *See Fru-Con Constr. Corp.*, 574 F.3d at 58. Because the essential requirement of a parallel state proceeding has not been met, the Court will not address the remaining factors and will decline to abstain. *See, e.g.*, *Moran Foods, Inc. v. State Rd. Assocs.*, 2009 WL 10688907, at *7 (N.D. Ohio Dec. 3, 2009) (finding actions to not be parallel because the federal case involved breach of contract and failure to compensate claims which were not pending issues in the state case).

8

### 2. Failure to State a Claim against the City

Family Dollar alleges three claims against the City: right to compensation for leasehold interest (Count II); inverse condemnation (Count III); and declaratory judgment (Count IV). The City argues all three counts should be dismissed for failure to state a claim.

### a. Count II: Right to Compensation for Leasehold Interest

In the Amended Complaint, Family Dollar alleges it had a compensable interest in the Premises as a lessee, which it could not pursue because it was not made a party in the State Action. ECF No. 16 at 9. In its Motion to Dismiss, the City argues Family Dollar was not a necessary party to the State Action and any claim for compensation should be made against Tsai as its landlord. The City further asserts that because it has already paid the Award Funds into the State Court, it has no responsibility for determining various interests or apportioning the award amongst the interested parties.

Mo. Rev. Stat. § 523.010.3, which governs State condemnation proceedings, provides in pertinent part: "It shall not be necessary to make any persons party defendants in respect to their ownership unless they are either *in actual possession of the premises to be affected claiming title* or having a title of the premises appearing of record upon the proper records of the county." (emphasis added). *See also* Sup. Ct. R. 86.03 (enumerating the same two categories of defendants to a condemnation proceeding). The City contends Family Dollar was not a necessary defendant because it was a tenant and did not "claim title."

The Missouri Practice Series for Civil Rules Practice provides some guidance as to who should be made a defendant in a condemnation proceeding:

In *Seliga Shoe Stores, Inc. v. City of Maplewood* [558 S.W. 2d 328 (Mo. Ct. App. 1977)], the court expressly said that a tenant who possesses the property when there is no lease of record is "neither a party in actual possession of the premises claiming title nor a party with title of record." The court offered no reasoning for

that conclusion, citing only the statute and the rule, and a fair reading of the opinion suggests that that result dictated the logic because the court simply doubted whether the lease was bona fide. Contrary to *Seliga* is *City of Kansas City v. Manfield* [926 S.W.2d 51 (Mo. Ct. App. W.D. 1996)], which described a tenant under an unrecorded lease as a necessary party. Like *Seliga,* though, the court offered no reasoning, and indeed, the statement appeared to be an afterthought as a part of the conclusion in the opinion.

*Seliga's* naked statement that a possessory tenant under an unrecorded lease is not "a party in actual possession of the premises claiming title" seems clearly wrong. A lease is a conveyance of an estate in land. It "creates an estate in the tenant with transfer of exclusive possession and control of the premises to the tenant subject to such conditions as may be imposed by the terms of the contract creating the tenancy." Accordingly, Missouri courts have long spoken of leasehold interests in terms of title. An action lies for slander of title of a leasehold, and a leasehold supports an action to enjoin a trespass. Despite *Seliga,* therefore, a possessory tenant under an unrecorded lease necessarily must be "a party in actual possession of the premises, claiming title," and is a mandatory defendant in a condemnation action.

*Defendants in condemnation proceedings*, 17A Mo. Prac., Civil Rules Practice § 86.03:2 (2021 ed.) (internal citations omitted). After careful review of the *Seliga and Manfield* cases, and the parties' individual arguments, it appears that state law supports Family Dollar as a necessary party in the condemnation proceedings. *See City of Kansas City v. Manfield*, 926 S.W.2d 51, 55 (Mo. Ct. App. 1996) (holding lessee was a necessary party even though the terms of the lease did not provide the lessee with a legally cognizable interest in the condemnation award).

Significant to the Court's analysis, however, is that after an Order of Condemnation was issued in the State Action and the total Award Funds were granted to Tsai, Family Dollar filed an Application for Leave to Intervene arguing it was a necessary party in the condemnation proceedings citing to *Seliga*. *See* ECF No. 30-2. Family Dollar's Application for Leave to Intervene was denied on May 26, 2021. *See* ECF No. 24-2. Within its denial, the State Court noted the condemnation proceedings were "served by publication on June 5, 2020, June 12, 2020 and June 19, 2020," the Lease contained a provision alerting Family Dollar "of the

10

Redevelopment Agreement that was in place with the City," and the "Redevelopment Agreement was available to the public and the subject of legislation in the City of University City." *Id.* at 1-2. The State Court then determined that allowing Family Dollar's intervention in the proceedings would be inconsistent with the State statute governing condemnation despite Family Dollar's argument that it was a necessary party. *Id.* at 2. Family Dollar did not appeal the denial of its Application for Leave to Intervene although it was a final, appealable order. *See Mack v. Mack*, 349 S.W.3d 475, 477 (Mo. Ct. App. 2011) (denial of a motion to intervene is an appealable order).

In this case, Family Dollar argues, just as it did in its Application to Intervene, that it was a necessary party. Although the Court acknowledges there is Missouri case law, albeit not conclusive, to support Family Dollar's contention that it was a necessary party in the condemnation proceedings, this argument failed in the underlying State Action, and Family Dollar did not appeal. *See e.g., Cheyenne River Sioux Tribe v. United States*, 338 F.2d 906, 911 (8th Cir. 1964) (failure to appeal denial of intervention motion precluded subsequent independent action raising same issues asserted in motion to intervene), *cert. denied*, 382 U.S. 815 (1965). The Court agrees with the City's contention that if Family Dollar were correct that it had the right to be allowed in the condemnation proceeding, it should have filed an appeal to the denial of its request to intervene.

Notwithstanding the above, Family Dollar does not bring procedural or substantive due process claims against the City. Instead, Count II of the Amended Complaint is framed as a "Right to Compensation for Leasehold Interest." ECF No. 16 at 9. In the Court's review of the underlying State Action, a "Payout Order" was issued on May 27, 2021, which ordered the Circuit Clerk to pay from its registry the total Award Funds of $6,368,711.00 to Tsai. *See City of University City*,

Case No. 20SL-CC02566. State law is well-settled on how compensation should be allotted post-allocation of Award Funds to the owner of a condemned property:

> Where, as here, a tract being condemned is subject to a leasehold interest and a single award of damages is made without regard to the lessee's claim, that amount may be allocated between the owner of the fee interest and the owner of the leasehold interest pursuant to the procedure provided in § 523.053. *State ex rel. Mo. Highway & Transp. Comm'n v. Rantz*, 43 S.W.3d 436, 440 (Mo. App. S.D. 2001). It is then "up to the landlord and the tenant to settle the division thereof by agreement or by litigation." *Land Clearance for Redevelopment Auth. of Kansas City v. Ridge,* 781 S.W.2d 104, 106 (Mo. App. W.D.1989); § 523.053.1. "The condemnor has no responsibility for the apportionment of a damage award, nor is it required to trace the distribution of the proceeds to the [competing] parties." *State ex rel. State Highway Comm'n v. Morganstein,* 588 S.W.2d 472, 477 (Mo. banc 1979) (internal citation omitted).

*Santa Fe Trail Neighborhood Redevelopment Corp. v. W.F. Coen & Co.*, 154 S.W.3d 432, 441-42 (Mo. Ct. App. 2005).

Moreover, the Lease between Tsai and Family Dollar provides in pertinent part:

> 16. <u>EMINENT DOMAIN</u>. If all or any part of the Demised Premises . . . are taken by public authorities through the power of eminent domain, then Tenant will have the right to terminate this Lease. If this Lease is terminated, then any unearned rent will be refunded to Tenant. . . . Tenant shall be entitled to file a claim for relocation damages, and Landlord shall have exclusive rights to claim damages for taking of land and improvements owned by Landlord. Landlord represents to Tenant that local custom is for Landlord and Tenant to file separate eminent domain claims with the public authority, but to the extent a single award is made by the public authority with respect to Landlord's and Tenant's separate interests (described above), Landlord and Tenant will each be entitled to their separate claims based on their respective interests even if a single award for all damages is given by the public authority.

ECF No. 16 at 3-4.

After Family Dollar received notice of the condemnation, despite not being added as a party to the condemnation proceedings, it did not file a separate eminent domain proceeding in State Court as described as the "custom" in the Lease and did not file a claim for relocation damages. As the City has already deposited the Award Funds into the Registry and an Order was

issued to disburse the Award Funds to Tsai, the Court finds Family Dollar's recourse is to settle the division between itself and Tsai by agreement or by litigation. *See Santa Fe Trail Neighborhood Redevelopment Corp.*, 154 S.W.3d at 441-42. Family Dollar has not cited to any authority, and the Court can find none, requiring the condemning City to pay damages or "compensation for leasehold interest" to a tenant after it paid the full Award Funds into the State Court's Registry on March 29, 2021.[4] Accordingly, the City's Motion to Dismiss will be granted as to Count II of the Amended Complaint.

### b. Count III: Inverse Condemnation

Family Dollar asserts a claim for inverse condemnation against the City and seeks damages for taking the Premises for public use without just compensation. In its Motion to Dismiss, the City argues Family Dollar cannot state a claim for inverse condemnation because the City commenced formal condemnation proceedings under the prescribed statutory procedures. In support, the City relies on *City of Gainesville v. Morrison Fertilizer, Inc.*, 159 S.W.3d 872, 877 (Mo. App. S.D. 2005), which held, "An action for inverse condemnation lies if a public entity with condemning authority *does not actually condemn a parcel of property*, but nevertheless appropriates the property for public use." (emphasis added). Thus, the City asserts that because it did condemn the Premises through the underlying State Action, *City of University City*, Case No. 20SL-CC02566, it cannot be liable for an inverse condemnation claim. The Court agrees.

---

[4] Family Dollar cited to *Millhouse*, 304 S.W.2d at 57 n. 2, and *Seliga Shoe Stores, Inc.*, 558 S.W. 2d at 331-32, for the proposition that if a tenant has a compensable interest in property to be taken in eminent domain, he is entitled to be made a party and to be notified and if this is not done, then tenant has a right to recover damages. However, neither of those cases reached the issue of how and from whom the tenant may obtain such damages and, more significantly, such instruction was made in dictum.

An inverse condemnation claim is reserved for situations in which the condemning authority takes property without pursuing formal condemnation proceedings. In *Cty. of Scotland v. Missouri Pub. Entity Risk Mgmt. Fund*, the state appellate court explained:

> Though property can be taken by eminent domain, thus triggering the obligation of just compensation, the State and Federal constitutional protections against takings without just compensation are not limited to this formal action. "Inverse condemnation is a cause of action against a governmental agency to recover the value of the property taken by the agency, though no formal exercise of the power of eminent domain has been completed." *Dulany v. Mo. Pac. R.R. Co.*, 766 S.W.2d 645, 648 (Mo. App. W.D. 1988); *see also Condemnation, Black's Law Dictionary* (10th ed. 2014) (defining "inverse condemnation" as "[a]n action brought by a property owner for compensation from a governmental entity that has taken the owner's property without bringing formal condemnation proceedings"). "Inverse condemnation is 'a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted.'" *Agins v. City of Tiburon*, 447 U.S. 255, 258 n.2 (1980) (quoting *United States v. Clarke*, 445 U.S. 253, 257 (1980)), *abrogated on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). "[T]he entire doctrine of inverse condemnation is predicated on the proposition that a taking may occur without such formal proceedings." *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cty.*, 482 U.S. 304, 316 (1987).

537 S.W.3d 358, 364-65 (Mo. Ct. App. 2017).

In May of 2020, the City filed a Petition in Eminent Domain. *See City of University City,* Case No. 20SL-CC02566. On September 1, 2020, the State Court determined the City had the right to acquire fee simple ownership of the Premises which Family Dollar leased. On March 29, 2021, the City paid the Award Funds into the State Court's registry. A "Payout Order" was issued on May 27, 2021, ordering the Circuit Clerk to pay Tsai the total Award Funds. As formal proceedings did take place, a claim for inverse condemnation against the City would be inappropriate according to State law.

Moreover, Family Dollar has not cited to any conclusive cases, and the Court can find none, to support its argument that the City would be liable under a claim of inverse

14

condemnation solely because it was not named as a defendant in the formal underlying State proceedings. Accordingly, the City's Motion to Dismiss will be granted as to Count III of the Amended Complaint.

### c. Count IV: Declaratory Judgment

As discussed above, the two substantive claims brought against the City will be dismissed for failure to state a claim. As such, Count IV for Declaratory Judgment against the City will also be dismissed because it is a remedy, not a separate cause of action. *See, e.g., Borishkevich v. Springfield Pub. Sch. Bd. of Educ.*, Case No. 20-03240-CV-S-BP, 2021 WL 2213237, at *2 (W.D. Mo. May 27, 2021) (a claim for declaratory judgment is not a legal theory giving rise to a separate cause of action); *Kulkarni v. Wolf*, Case No. 4:20-00089-CV-RK, 2020 WL 8184913 (W.D. Mo. Nov. 25, 2020) (dismissing count for declaratory relief because the substantive claims were subject to dismissal). Accordingly, the City's Motion to Dismiss will be granted as to Count IV of the Amended Complaint as to the City.

### 3. Failure to State a Claim against Novus

Plaintiff brings three claims against Novus: breach of lease (Count I); declaratory judgment (Count IV); and constructive trust (Count VI). Novus argues all three counts should be dismissed for failure to state a claim.

### a. Count I: Breach of Contract

In the Amended Complaint, the majority of Family Dollar's breach of lease claims are against Tsai. As to Novus, however, Family Dollar solely alleges: "According to notifications provided by Novus Management, it is now the landlord under the Lease, indicating that it has assumed the obligations of Landlord under the Lease and is responsible for damages[.]" Family Dollar's asserts Novus became its landlord as follows:

19. Pursuant to a notice sent to Family Dollar, dated April 1, 2021, from Novus Management, the Premises were purportedly sold to a "U City, LLC," and the Lease assigned, because Family Dollar was notified by the signatory – "Novus Management" – that it should remit lease payments to a "U City, LLC."

20. However, there is no "U City, LLC," entity registered to do and conduct business in the state of Missouri. Accordingly, it appears that Novus Management Co. is improperly doing business as "U City, LLC."

ECF No. 16 at 4.

In response, Novus argues Family Dollar's breach of contract claim against it should be dismissed for four reasons: (1) "U. City L.L.C." is an independent Missouri limited liability company in good standing with the Secretary of State and, as a result, Novus was not improperly doing business through that entity; (2) the Lease could not have been assigned to Novus after condemnation because leases terminate upon condemnation under Missouri law; (3) an assignment of the Lease, by itself, does not cause the assignee to assume the contractual liabilities; and (4) the allegation that Novus notified Family Dollar to remit rent to U. City, LLC is insufficient to support a claim that Novus voluntarily agreed to assume the Lease's obligations.

In its Memorandum in Opposition, Family Dollar requests the Court to allow it to amend its complaint to "swap U. City L.L.C. for Novus Management Co." ECF No. 30 at 12. Family Dollar then argues it should be permitted to proceed on its breach of contract claim against U. City, L.L.C. because discovery will be necessary to determine exactly what was assigned. *Id.* Family Dollar further asserts, "just because a lease terminated when the condemning authority takes property does not mean that a tenant's claim for damages has been extinguished, especially under a lease such as this one at issue, where it did not automatically terminate." *Id.* at 12-13. The Court notes that Family Dollar has not cited to any case law for its arguments.

The Court will not permit Family Dollar to amend its complaint to substitute U. City L.L.C. for Novus because the amendment would be futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d

488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)).

An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P." *Lexington Ins. Co.*, Case No. 1:11-CV-40-CEJ, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011) (quoting *Bakhtiari v. Beyer*, Case No. 4:06-CV-1489-CEJ, 2008 WL 3200820, *1 (E.D. Mo. Aug. 6, 2008)).

Regardless of whether Novus or U. City L.L.C. is a defendant to this action, "[c]ondemnation of the entire property ordinarily terminates a lease by operation of law, divesting all rights of private property in the parcel and extinguishing any further obligation to pay rent." *Bi-State Dev. Agency of Missouri-Illinois Metro. Dist. v. Nikodem*, 859 S.W.2d 775, 780 (Mo. Ct. App. 1993). *See also City of Riverside v. Progressive Inv. Club of Kansas City, Inc.*, 45 S.W.3d 905, 912 (Mo. Ct. App. 2001) (a lease is terminated upon condemnation and tenant is no longer obligated to pay rent). "The date of the taking is the date upon which the condemnor pays the commissioners' award into court. These are established principles of Missouri law." *City of Peerless Park v. Dennis*, 42 S.W.3d 814, 819 (Mo. Ct. App. 2001) (citing *State ex rel. Missouri Highway and Transp. Com'n v. Starling Plaza Partnership*, 832 S.W.2d 518, 520 (Mo. banc 1992)). Termination of the lease upon condemnation occurs even without such a provision in the lease. *Land Clearance for Redevelopment Auth. of Kansas City v. Ridge*, 781 S.W.2d 104, 106 (Mo. Ct. App. 1989) (citing *Union Electric Co. v. Slay Bulk Terminals, Inc.*, 475 S.W.2d 136, 139 (Mo. App. 1971); *Millhouse v. Drainage District No. 48 of Dunklin County*, 304 S.W.2d 54, 58 (Mo. App. 1957)).

In the instant case, it is undisputed the City paid $6,368,700.00 into the State Court's registry on March 29, 2021. Consequently, the lease terminated by operation of law on March 29, 2021, and the City obtained title to and right to possession the property. Plaintiff alleges it received

notice *after* March 29, 2021, that it should remit future lease payments to "U City, LLC" until it had to vacate the premises no later than June 28, 2021. ECF No. 16 at 3-4. Consequently, regardless of which entity Family Dollar was directed to remit lease payments to after condemnation, the Lease was terminated by operation of law, and it could not have been assigned to either Novus or U. City, L.L.C. In fact, Family Dollar's obligation to pay rent was extinguished as of March 29, 2021, and it could have vacated immediately. Accordingly, the breach of lease claim against Defendant Novus will be dismissed for failure to state a claim.

### b. Counts IV and VI: Declaratory Judgment and Constructive Trust

Similar to the dismissal of the Declaratory Judgment claim against the City, this claim will also be dismissed against Novus. *See, e.g.*, *Borishkevich*, 2021 WL 2213237, at *2 (a claim for declaratory judgment is not a legal theory giving rise to a separate cause of action); *Kulkarni*, 2020 WL 8184913 (dismissing count for declaratory relief because the substantive claims were subject to dismissal).

Additionally, Family Dollar's Constructive Trust claim against Novus will be dismissed. First, a constructive trust is a remedy, not a cause of action, and the Court has determined that Novus is not liable, as a matter of law, for the breach of contract claim. *See Vigran v. Poelker*, 433 F. Supp. 168, 171 (E.D. Mo. 1977); *Roeslein & Assocs., Inc. v. Elgin*, Case No. 4:17-CV-1351-JMB, 2018 WL 1138465, at *10 (E.D. Mo. Mar. 2, 2018) ("Plaintiffs may seek a constructive trust as part of their prayer for relief in another claim, but this remedy cannot stand as a separate cause of action."). Second, Tsai is in possession of the Award Funds, not Novus, which is evidenced from the State Court's May 27, 2021 Payout Order. *See Scottrade, Inc. v. Variant, Inc*., No. 4:13-CV-1710-RLW, 2015 WL 4605734, at *4 (E.D. Mo. July 30, 2015) ("a plaintiff may seek to impose a constructive trust on the proceeds of the property which are *in the hands of the*

18

*wrongdoer*”) (emphasis added) (citing *John R. Boyce Family Trust v. Snyder*, 128 S.W.3d 630, 638 (Mo. Ct. App. 2004)).

Accordingly, the declaratory judgment and constructive trust claims against Defendant Novus will be dismissed for failure to state a claim.

### B. Motion to Dismiss filed by Tsai

Family Dollar alleges four claims against Tsai: breach of lease (Count I), declaratory judgment (Count IV), temporary and permanent injunction (Count V), and constructive trust (Count VI). Tsai argues all four counts should be dismissed for failure to state a claim. In its response to Tsai's Motion to Dismiss, Family Dollar contests that dismissal is appropriate, and requests the Court to permit it to amend its complaint to add an additional count against Tsai.

### 1. Family Dollar's Request to Amend the Complaint

As a preliminary matter, Family Dollar in its Memorandum in Opposition to Defendant Tsai's Motion to Dismiss, "requests leave to amend its Complaint to add a count for breach of the implied covenant of good faith and fair dealing." ECF No. 29 at 9. The Court will not grant this request for two reasons. First, Family Dollar failed to file a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. Requesting leave to amend a complaint within a response memorandum is not appropriate. *See, e.g.*, *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913-14 (8th Cir. 2002) (no abuse of discretion in denying leave to amend where the plaintiff, in its response brief to the motion to dismiss, sought to amend the claim but did not file a motion for leave to amend); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("[f]iling a motion is the proper method to request leave to amend a complaint," and denial of a request to amend contained within a memorandum in opposition to motion to dismiss was not erroneous); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th

Cir. 2011) (holding it is an axiomatic rule that a "plaintiff may not amend his complaint in his response brief"). Second, Family Dollar did not attach a proposed second amended complaint. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate).[5]

### 2. Count I: Breach of Lease against Tsai

Family Dollar alleges Tsai materially breached the Lease in a number of ways. It alleges Tsai failed to provide notice of the condemnation proceedings initiated by the City. Tsai is accused of breaching the Lease when it moved for release of the Award Funds in the State Action, despite the provision in the Lease requiring any single award made by the City to be split between Tsai and Family Dollar. Family Dollar claims, pursuant to the Lease, Tsai owes it damages, including part of the Award Fund. Tsai allegedly further breached the quiet enjoyment provision of the Lease by "participating in and/or organizing a structure whereby Family Dollar would be evicted from the Premises, despite the fact that the Lease does not permit the Lease to be terminated." ECF No. 16 at 7-8.

Tsai argues Count I should be dismissed against it because the contractual obligations alleged to have been breached do not exist in the Lease. Specifically, Tsai's asserts: (1) no provision required Tsai to notify Family Dollar of the condemnation proceeding or add it as a defendant; (2) Tsai was not prohibited from receiving the entirety of the Award Funds because the Lease contemplated a "single award;" and (3) Family Dollar is contractually limited to the sole remedies of filing a claim for relocation damages or rent abatement. ECF No. 26 at 6.

---

[5] The Court notes that during the January 13, 2022 Oral Argument held on the pending Motions to Dismiss, Plaintiff did not address its request for leave to amend the complaint.

Attached to Tsai's Motion to Dismiss is a copy of the relevant portions of the Lease, which Family Dollar does not dispute as a true and accurate partial copy.[6] There are three relevant provisions within the Lease, as follows:

16. <u>EMINIENT DOMAIN</u>. If all or any part of the Demised Premises, or any part of the Shopping Center parking, service or access areas are taken by public authorities through the power of eminent domain, then Tenant will have the right to terminate the Lease. If this Lease is terminated then any unearned rent will be refunded to Tenant. If only a part of the Demised Premises or the parking, service or access areas are taken, and if Tenant elects not to terminate this Lease, then the rent will be reduced in the same proportion that the Demised Premises or parking, service or access areas are reduced. Landlord will restore the Demised Premises or parking, service or access areas, as applicable, to as close to their condition as existed prior to the taking as feasible. Tenant shall be entitled to file a claim for relocation damages, and Landlord shall have exclusive rights to claim damages for taking of land and improvements owned by Landlord. Landlord represents to Tenant that local custom is for Landlord and Tenant to file separate eminent domain claims with the public authority, but to the extent a single award is made by the public authority with respect to the Landlord's and Tenant's separate interests (described above), Landlord and Tenant will each be entitled to their separate claims based on their respective interests even if a single award for all damages is given by the public authority.

. . .

27. <u>QUIET ENJOYMENT</u>. So long as Tenant is not in default . . . , Landlord covenants and warrants that Tenant will have and enjoy during the term of this Lease the quiet and undisturbed possession of the Demised Premises together with all applicable appurtenances. Rents and other charges due under this Lease will abate during any period of time Tenant is deprived of the use of the Demised Premises.

. . .

30. <u>ASSIGNMENT/SUBLETTING</u>.

. . .

Tenant acknowledges that Landlord has disclosed that the Demised Premises are within RPA-I, as defined in the Redevelopment Agreement by and among the

---

[6] Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to plaintiff's claim. *Anheuser Busch, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 4:11-CV-1220-JAR, 2011 WL 6716628, at *2 (E.D. Mo. Dec. 21, 2011) (citing *Venture Assoc's Corp. v. Zenith Data Sys.,* 987 F.2d 429, 431 (7th Cir. 1993)). Here, Family Dollar refers to the Lease in its Amended Complaint, and the Lease is central to its claim for breach of contract.

> City of University City, Missouri, U. City, LLC and the U. City TIF Corporation,
> which contemplated the eventual redevelopment of approximately an Eight (8)
> mile long section of Olive Boulevard and this Lease may be freely assigned by
> Landlord in connection therewith.

ECF No. 26-1 at 3-7. The Lease further provides that Tsai and Family Dollar waive the right to

seek punitive damages, but the prevailing party is entitled to recover attorneys' fees in the event

of litigation. *Id.* at 9.

In opposition, Family Dollar argues Tsai breached the Lease because the Eminent

Domain provision represented that it "would be able to participate in and prosecute its own

claims if there were a condemnation." Contrary to such a representation, Family Dollar contends

Tsai failed to provide it with notice of the condemnation proceedings and "worked for months to

protect only its own interests, took a single award from the condemning authority, and now

claims that Plaintiff must now bear all of its losses, without recourse." ECF No. 29 at 1. Plaintiff

argues Tsai's "breach of its representation" and "refusal to share in the single award it received"

requires the Court to deny Tsai's Motion to Dismiss. *Id.*

Under Missouri law, a lease agreement will control the rights of parties in the event of

condemnation proceeding on a leased premises. *See State ex rel. State Highway Comm'n of

Missouri v. St. Charles Cty. Assocs.*, 698 S.W.2d 34, 36 (Mo. App. 1985). The terms of a

contract are read as a whole to determine the intention of the parties and are given their plain,

ordinary, and usual meaning." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421,

428 (Mo. banc 2003) (internal citation omitted).

After reviewing the Eminent Domain provision in the Lease, the Amended Complaint,

and the parties' arguments, the Court cannot determine, at this stage of the litigation and as a

matter of law, that Tsai did not breach the Lease by failing to notify its tenant of the

condemnation proceedings or by breaching other provisions of the Lease as alleged in the

Amended Complaint. Additionally, the Court cannot determine, as a matter of law, that Tsai does not owe any damages to Family Dollar, nor can it say that relocation damages and rent abatement are the exclusive damages for Family Dollar to pursue. *See, e.g.*, *Moran Foods, Inc.*, 2009 WL 10688907, at *8 ("Whether plaintiff is entitled to compensation from the City for the eminent domain taking, however, does not determine whether it is entitled to damages from defendant for the alleged breaches of the Lease set forth in the Complaint."). Significantly, the entire Lease has not been submitted as part of the pleadings and, as such, the Court cannot read the terms as a whole.

While the Court acknowledges the Eminent Domain provision in the Lease does not contain explicit language mandating that notice shall be provided by Tsai, it appears to establish rights which Family Dollar would have upon the attempted taking by a condemning authority. Although Family Dollar may have been aware of the *potential* for condemnation of the Premises at the time the Lease was executed, Family Dollar reasonably argues that, because it did not have notice of when the condemnation proceedings *actually did occur*, it was foreclosed from pursuing its "right to terminate the Lease," "to file a claim for relocation damages," and "to file [a] separate eminent domain claim[] with the public authority."

Thus, the Amended Complaint has sufficiently pled enough facts to plausibly allege Tsai breached an express representation that Family Dollar would have an ability to file a claim in the event of a condemnation. Moreover, the Amended Complaint alleges the Lease entitles Family Dollar to a "separate claim" for its "separate interests" when "a single award for all damages is given by the public authority." It is undisputed that Tsai sought and received a single award for all damages. The Amended Complaint alleges the Lease provides Family Dollar with the

23

entitlement to seek its separate claims based on its respective interests in the single award distributed to Tsai.

The Court finds the Amended Complaint alleges enough facts to state a claim for relief that is plausible on its face against Tsai in Count I. These allegations include sufficient factual information to provide grounds on which the claim rests and raise a right to relief above a speculative level. Therefore, Tsai's motion to dismiss Count I for failure to state a claim is denied.

### 3. Count IV: Declaratory Judgment against Tsai

Tsai argues the declaratory judgment claim against it must be dismissed because Family Dollar seeks to define the parties' rights with respect to past conduct under the now terminated lease, and Family Dollar does not identify any continuing damages arising from the alleged breach. ECF No. 26 at 7-8. Plaintiff did not respond to this argument in its Memorandum in Opposition to Tsai's Motion to Dismiss, and did not address or acknowledge this claim during the Oral Argument. As such, the Court finds Family Dollar's Count IV for Declaratory Judgment abandoned. When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss or summary judgment, the claim is deemed abandoned. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss) (citation omitted); *Culkin v. Walgreen Co.*, No. 4:05-CV-1859-ERW, 2006 WL 839195, at *1 (E.D. Mo. Mar. 27, 2006) ("Plaintiffs did not respond to Defendant's arguments regarding Count II. Thus, without addressing the merits of Defendant's arguments, this Court finds that Plaintiffs have abandoned their claim of general negligence against Defendant."); *Lipov v. Louisiana-Pac. Corp.*, No. 1:12-CV-439, 2013 WL 3805673, at *4 (W.D. Mich. July 22, 2013) ("Plaintiff did not respond to Defendant's challenge to Count II, and this Court construes the omission as evidence of Plaintiff's intent to abandon this portion of his claim in Count II."). Therefore, Count IV will be dismissed.

#### 4. Counts V and VI: Injunctive Relief and Constructive Trust against Tsai's

Tsai argues Family Dollar's request to enjoin it from spending the Award Funds or for the Court to impose a constructive trust on the Award Funds should be dismissed because neither is an independent cause of action. The Court agrees.

A constructive trust is a remedy, not a cause of action. *See Vigran*, 433 F. Supp. at 171; *Roeslein & Assocs., Inc.*, 2018 WL 1138465, at *10 ("Plaintiffs may seek a constructive trust as part of their prayer for relief in another claim, but this remedy cannot stand as a separate cause of action."). As to Plaintiff's claim for injunctive relief, "[n]o independent cause of action for injunction exists." *Plan Pros, Inc. v. Zych*, No. 8:08-CV-125, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009); *see also Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) ("Injunctive relief . . . is a remedy, not an independent cause of action."); *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d 1036, 1046 (D. Minn. 2013) ("The claim for injunctive relief is a request for a remedy, not a separate cause of action."). Thus, to the extent Count V alleges an independent cause of action for "injunctive relief," and Count VII alleges an independent cause of action for a "constructive trust," they do not survive Tsai's motion to dismiss under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants City of University City and Novus Management, Co. is **GRANTED**. [ECF No. 23].

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Tsai's Investment, Inc. is **GRANTED in part** and **DENIED in part**. [ECF No. 25]. Defendant Tsai's motion is **GRANTED** as to Counts IV, V, and VI, and **DENIED** as to Count I.

An appropriate order of partial dismissal will accompany this Memorandum and Order.

So Ordered this 7th day of February, 2022.


*/s/ Stephen R. Welby*_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE